UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                           **REPORT AND**
                                                    **RECOMMENDATION**
v.
                                                    11-CR-57-RJA-JJM
BERGAL MITCHELL, III,

                        Defendant.

_____

This case was referred to me by Hon. Richard J. Arcara for supervision of all

pretrial proceedings [6].[1]  Before me is the supplemental motion of defendant Bergal L. Mitchell,

III,  to dismiss the Indictment [114].  For the following reasons, I recommend that this motion be

denied.


**BACKGROUND**

All aspects of defendant's omnibus motion [53], other than his request for

suppression, were addressed in my July 30, 2012 Report, Recommendation and Order [74].  With

the government's consent [117], defendant now supplements that motion to seek dismissal of the

Indictment on sovereign immunity grounds.  Familiarity with the  factual allegations of the

Indictment, as detailed in my July 30, 2012 Report, Recommendation and Order ([74], pp. 2-4),

is presumed.

_____

[1]         Bracketed references are to CM/ECF docket entries.

**ANALYSIS**

Defendant bases his motion to dismiss the Indictment on the recent decision of the New York State Appellate Division, Fourth Department in Sue/Perior Concrete & Paving, Inc. v. Seneca Gaming Corporation, et al., 99 A.D.3d 1203, 952 N.Y.S.2d 353 (4th Dept. 2012), which concluded that  the individual defendants, all of whom were of whom were past or present officers and/or directors of the Seneca Gaming Corporation ("SGC") and Seneca Niagara Falls Gaming Corporation ("SNFGC") or members of the Seneca Nation of Indians ("SNI") Tribal Council, were "entitled to sovereign immunity because the complaint fails to allege with sufficient specificity that they acted outside the scope of their authority as officers and/or directors of the tribal corporate entities".  Id., 99 A.D.3d at 1203, 952 NYS2d at 355.

Relying on Sue/Perior Concrete, defendant argues that the Indictment should be dismissed since it alleges that he "was acting 'as an agent of the SNI, SGC, and SNFGC" and "fail[s] to sufficiently    allege . . . specific conduct that was *ultra vires* to [his] official capacity, or his chartered authority".  Defendant's Memorandum [114], p. 5  In response, the government argues that defendant has "stretched" sovereign immunity "to mean that not only is he immune from suit, he also is immune from being charged and convicted".  Government's Response [116], p. 2.

I agree with the government.  Sue/Perior Concrete and the cases which it cites address tribal sovereign immunity in the context of a civil suit.  However, "a civil case and has nothing to do with the reach of federal criminal laws of general applicability".  United States v. Williams, 2011 WL 4093884, *3-4  (W.D.Okla. 2011).  *See* United States v. Markiewicz, 1989

WL 139221, *3 (N.D.N.Y. 1989) ("the sovereignty retained by the Indian tribes is not an absolute bar to federal prosecution").

The government further argues that the Supreme Court's decision in Puyallup Tribe, Inc. v. Department of Game of State of Washington, 433 U.S. 165, 171-72 (1977), which held that "[t]he doctrine of sovereign immunity . . . does not immunize the individual members of the Tribe", "brings the defendant's argument to a dead end". Government's Response [116], ¶3. I disagree. Since Puyallup was decided, courts have expansively applied sovereign immunity, concluding that "[a]t its most expansive, tribal sovereign immunity may extend to tribal officers - but only when such officers are acting within the legitimate scope of their official capacity." Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 30 (1st Cir.), cert. denied, 549 U.S. 1053 (2006). *See also* Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir.), cert. denied, 543 U.S. 966 (2004) (plaintiff "cannot circumvent tribal immunity by merely naming officers or employees of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority").

Nevertheless, I conclude that defendant's conduct as alleged in the Indictment falls outside the scope of sovereign immunity. While defendant argues that the Indictment does not allege that he acted *ultra vires*, he ignores the allegations of the Indictment that "[a]t no time prior to receiving and spending the $338,000 that he and his wife obtained from the monies expended by the SNI . . . to acquire the property, did defendant . . . ever disclose his personal financial interest in such transaction to the SNI, the SGC, or the SNFGC." Indictment [1], p. 13, ¶ 36. As the government points out, "[s]cheming to steal and then stealing $338,000 from the Seneca Nation hardly qualifies as an act within the scope of the defendant's authority".

Government's Response [116], ¶4. By contrast, in Sue/Perior Concrete the court noted that the complaint did "*not* allege that any of the individual defendants personally profited or benefitted in any manner from their alleged acts of misconduct". 99 A.D.3d at 1204 (emphasis added).

**CONCLUSION**

For these reasons, I recommend that defendant's supplemental motion to dismiss the Indictment [114] be denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by January 14, 2013 (applying the time frames set forth in Fed. R. Crim. P. ("Rules") 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new

legal/factual arguments, or identifying the new arguments and explaining why they were not

raised to the Magistrate Judge". Failure to comply with these provisions may result in the district

judge's refusal to consider the objection.

Dated: December 28, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
